Filed 11/10/20  P. v. Chenier CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br>v.<br><br> JEFFREY CARL CHENIER,<br><br>      Defendant and Appellant. | A159624<br><br>(Mendocino County<br>Super. Ct. No.<br>SCUKCRPR2034021) |

Appellant Jeffrey Chenier appeals from an order revoking his Post Release Community Supervision (PRCS) and committing him to county jail for 90 days, arguing the trial court lacked jurisdiction to order a custodial sentence because the term of his PRCS had already expired.  Although he admitted below to absconding from PRCS for a lengthy period, he contends that under that under Penal Code section 3456, subdivision (b), his term of PRCS could not be extended "automatically"—that is, calculated solely by the probation department and without a court order—after the court found he absconded during the period of supervision.[1]

---

[1]  Penal Code section 3456, subdivision (b) states:  "Time during which a person on postrelease supervision is suspended because the person has absconded shall not be credited toward any period of postrelease supervision."

The parties agree this appeal is moot, because appellant is no longer on community supervision. Appellant asks us to exercise our discretion to decide the appeal anyway (a request opposed by the Attorney General), but we decline to do so. We are not persuaded the record presents the legal issue appellant says it does, and, moreover, proper interpretation of Penal Code section 3456 has not been sufficiently briefed in a manner that facilitates our review. Assuming the legal issue is likely to recur, proper resolution may await another case where the issue is squarely and adequately presented.

## DISPOSITION

The appeal is dismissed.

_____

STEWART, J.

We concur.

_____

KLINE, P.J.

_____

MILLER, J.

*People v. Chenier* (A159624)

3